# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| LARRY BOTTS, | |
| Plaintiff, | No. 21-CV-3023-KEM |
| vs. | **MEMORANDUM OPINION AND ORDER** |
| SHELLY MARIE WEST, et al., | |
| Defendants. | |

Currently pending before the court are Defendants' motions to dismiss. Docs. 6, 13. For the reasons that follow, I **grant** the motions.[1]

Plaintiff Larry Botts filed his complaint on July 28, 2021. Doc. 1. He alleges that during his incarceration from April 2014 through March 2017, Defendant Shelly Marie West, a prison guard, sexually exploited him beginning in October 2016. *Id.* He alleges that other Defendants failed to prevent West's misconduct. *Id.* He brings claims for violations of his constitutional rights under 42 U.S.C. § 1983. *Id.*

Defendants move to dismiss, arguing that the two-year statute of limitations has run on Plaintiff's claims. Docs. 6, 13. Botts agrees that the applicable statute of limitations is two years and that his claim accrued, at latest, in March 2017. Doc. 16.[2] He argues that equitable tolling applies because he filed a complaint with the Iowa State Appeal Board on August 18, 2018, and did not receive a right-to-sue letter until March 1, 2021. *Id.*

---

[1] The parties consented to exercise of jurisdiction by a United States magistrate judge. Docs. 17, 18.

[2] *See also* ***DeVries v. Driesen***, 766 F.3d 922, 923 (8th Cir. 2014); **Iowa Code § 614.1(2)**.

Under the Iowa Tort Claims Act, "[a] tort claim against the State must first be presented to the State Appeal Board."[3] This rule does not apply to federal claims brought under § 1983.[4] Thus, the Eighth Circuit has held that the filing of an administrative claim under the Iowa Tort Claims Act does not toll the statute of limitations for federal § 1983 claims.[5] I am bound by Eighth Circuit precedent, which has squarely rejected Plaintiff's tolling argument. Plaintiff's claims are barred by the statute of limitations.

Accordingly, Defendants' motions to dismiss (Docs. 6, 13) are **granted**.

**SO ORDERED** January 14, 2022.

Kelly K.E. Mahoney
Chief United States Magistrate Judge
Northern District of Iowa

---

[3] *Matter of Est. of Voss*, 553 N.W.2d 878, 880 (Iowa 1996); see also **Iowa Code §§ 669.5, 669.13.**

[4] ***Devries v. Driesen***, No. C 13-4019-MWB, 2013 WL 3167724, at *1 (N.D. Iowa June 20, 2013) (citing **Porter v. Nussle**, 534 U.S. 516, 523 (2002); **Patsy v. Bd. of Regents of State of Fla.**, 457 U.S. 496, 516 (1982)), *aff'd,* 766 F.3d 922 (8th Cir. 2014); see also **Liebing v. Sand**, No. 17-CV-142-LRR, 2018 WL 1474936, at *19 (N.D. Iowa Mar. 26, 2018) (noting a § 1983 plaintiff "generally does not need to exhaust state remedies as a prerequisite to filing suit," but an inmate must exhaust remedies under the prison grievance system before challenging a condition of confinement under 42 U.S.C. § 1997(e)), *report and recommendation adopted in relevant part,* 2018 WL 3727914 (Aug. 6, 2018).

[5] ***DeVries***, 766 F.3d at 924.